UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHIRA J. COVINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>FRESENIUS MEDICAL CARE,<br><br>    Defendant. | Case No. 3:24-cv-00182<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

To:     The Honorable Eli J. Richardson, District Judge

## REPORT AND RECOMMENDATION

This employment discrimination action arises out of pro se Plaintiff Shira J. Covington's employment by Defendant Fresenius Medical Care (Defendant).[1] (Doc. No. 1.) Defendant has moved to dismiss Covington's claims against it for insufficient process under Federal Rule of Civil Procedure 12(b)(4) and for insufficient service of process under Rule 12(b)(5). (Doc. No. 18.) Covington has responded in opposition to Defendant's motion to dismiss (Doc. No. 21), re-attempted service of process on Defendant (Doc. No. 26), and moved to strike Defendant's motion to dismiss or deny it as moot (Doc. No. 28). Defendant has responded in opposition to Covington's motion to strike (Doc. No. 29) and filed a reply in support of its motion to dismiss (Doc. No. 24).

---

[1]     The parties dispute defendant's correct legal name. Covington's complaint names Fresenius Medical Care as the sole defendant in this action (Doc. No. 1), but the defendant asserts that its "correct entity name is Renal Care Group, Inc." (Doc. No. 19, PageID# 60). Covington states that she "was employed by Fresenius Medical Care" and that "Fresenius Medical Care acquired Renal Care Group as well as Renal Care Advantage . . . ." (Doc. No. 21, PageID# 72, ¶ 11.) This Report and Recommendation will refer to defendant as "Defendant."

For the reasons that follow, the Magistrate Judge will recommend that the Court exercise its discretion to extend the service deadline in this action, deny Defendant's motion to dismiss, and find moot Covington's motion to strike or deny Defendant's motion to dismiss.

**I.      Relevant Background**

Covington is an African American woman who began working for Defendant as a patient care technician on December 2, 2021. (Doc. No. 1.) Covington alleges that she "was involved in a verbal encounter" with a white male coworker on November 18, 2022, and that, "[s]hortly thereafter," Defendant wrongfully suspended her without pay and reassigned her to an undesirable work location. (*Id.*)

Covington filed a charge of discrimination against Defendant with the Tennessee Human Rights Commission and the United States Equal Employment Commission (EEOC). (*Id.*) The EEOC sent Covington a right-to-sue letter on November 20, 2023, and Covington initiated this action on February 16, 2024. (*Id.*) Covington's complaint alleges claims against Defendant under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e–2000e-17. (*Id.*) Covington paid the Court's civil filing fee (Doc. No. 5), and the Court referred this action to the Magistrate Judge to oversee service of process and dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B) (Doc. No. 6). The Court informed Covington that she "is responsible for effecting service of process on [Defendant] in accordance with Federal Rule of Civil Procedure 4[.]" (Doc. No. 6, PageID# 18.)

On May 22, 2024, the Magistrate Judge found that the time for effecting service of process under Rule 4(m) had passed, but "Covington ha[d] not requested a summons for [Defendant], no summons ha[d] issued, and [Defendant] ha[d] not appeared in this action or responded to Covington's complaint." (Doc. No. 7, PageID# 21.) The Magistrate Judge therefore ordered Covington to show cause "by June 11, 2024, why the Magistrate Judge should extend the deadline

to effect service of process instead of recommending that the Court dismiss this action under Rule 4(m)" for Covington's failure to effect service of process. (*Id.*) The Magistrate Judge further ordered Covington "to request a summons for [Defendant] from the Clerk's Office by no later than June 11, 2024." (*Id.*)

On May 31, 2024, Covington requested and the Clerk of Court issued a summons addressed to "Fresenius Medical Care" at "20 Miriam Rd" in "Waltham, MA[.]" (Doc. No. 8, PageID# 22.) On June 7, 2024, Covington filed a proof of service affidavit asserting that she served an authorized agent for Defendant on June 5, 2024. (Doc. No. 9.) Covington attached a certified mail receipt and proof of delivery information showing that an item addressed to Fresenius Medical Care was delivered to 20 Miriam Road, Waltham, Massachusetts 02451, on June 5, 2024, and signed for by an unidentified individual. (*Id.*) Covington did not otherwise respond to the Magistrate Judge's show-cause order.

On July 3, 2024, Covington requested entry of default against Defendant under Federal Rule of Civil Procedure 55(a). (Doc. No. 10.) Defendant appeared and responded in opposition to Covington's request for entry of default on July 31, 2024, arguing that Covington had not timely or properly served it with process and the Court should therefore deny her request for entry of default and dismiss her complaint under Rule 4(m). (Doc. No. 15.) The Clerk of Court denied Covington's request for entry of default on September 12, 2024, finding that Defendant "ha[d] expressed a clear intent to defend this action" and that entry of default was therefore inappropriate. (Doc. No. 17, PageID# 50.) The Clerk's order stated that "[a]ny challenges the [Company] may wish to make regarding the sufficiency of service of process . . . should be raised by motion for consideration by the Court." (*Id.* at PageID# 50–51.)

On October 8, 2024, Defendant filed a motion to dismiss Covington's complaint under Rules 12(b)(4) and 12(b)(5) (Doc. No. 18), arguing that "both the summons and [Covington's] service of the summons and [c]omplaint were deficient" because the summons did not include Defendant's proper legal name and was not addressed or delivered to an officer, director, or agent of Defendant (Doc. No. 19, PageID# 60). In support of this argument, Defendant provided the correct address for its principal place of business in Massachusetts and identified CT Corporation System in Knoxville as its agent for service of process in Tennessee. (Doc. No. 19.) Covington responded in opposition to Defendant's motion to dismiss, arguing that she "has shown good faith[,] [ ] diligently worked to" effect service of process on Defendant, and "has substantially complied with the rules set forth [by] the Court . . . ." (Doc. No. 21, PageID# 70.) Defendant filed a reply in support of its motion to dismiss. (Doc. No. 24.)

On November 8, 2024, Covington requested and the Clerk of Court issued a new summons addressed to "Fresenius Medical Care (Renal Care Group)" in care of "CT Corporation System" in Knoxville, Tennessee. (Doc. No. 25, PageID# 103.) A few days later, Covington filed a proof of service affidavit stating that she served "S. Sutton" of "CT Corporation" on November 12, 2024, and attached proof of delivery information showing that, on that date, the United States Postal Service (USPS) delivered an item via priority mail that was received and signed for by "S[.] Sutton" at the "Front Desk/Reception/Mail Room" of an address in Knoxville. (Doc. No. 26, PageID# 105, 106.)

On December 4, 2024, Defendant filed a "notice of supplemental evidence and authority in support of its motion to dismiss[,]" arguing that Covington's "recent actions in obtaining and serving a new summons are far too little and far too late to cure her failure to timely or properly

serve [Defendant] or comply with the Court's Order to Show Cause." (Doc. No. 27, PageID# 107, 108.)

On March 18, 2025, Covington filed a "motion to strike or, in the alternative, deny [Defendant's] motion to dismiss as moot[.]" (Doc. No. 28, PageID# 111.) Covington argues that, "[a]fter [Defendant] challenged the sufficiency of service, [she] cured the service defect by properly serving [Defendant] on November 12, 2024." (*Id.*) Defendant responded in opposition to Covington's motion, arguing that it "fails to provide a sufficient basis to strike [Defendant's] Motion to Dismiss or deny [the motion to dismiss] as moot." (Doc. No. 29, PageID# 116.)

**II.     Legal Standard**

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022) (first citing Fed. R. Civ. P. 4(m); and then citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)). Otherwise, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996).

The Sixth Circuit has directed district courts to consider seven factors in "deciding whether to grant a discretionary extension of time in the absence of a finding of good cause:"

> (1) whether an extension of time would be well beyond the timely service of process;
>
> (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;

(3) whether the defendant had actual notice of the lawsuit;

(4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;

(5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;

(6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and

(7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Oakland Physicians' Med. Ctr., LLC*, 44 F.4th at 569.

**III.    Analysis**

Covington has made two attempts to effect service of process on Defendant. (Doc. Nos. 9, 26.) Defendant addresses Covington's first service attempt in its motion to dismiss (Doc. Nos. 18, 19) and addresses her second service attempt in its supplemental notice (Doc. No. 27).

There is no dispute that Covington's first service attempt did not comply with the Federal Rules of Civil Procedure. With respect to Covington's second service attempt, Defendant concedes that "the reissued summons is *almost* correctly addressed to Defendant through its registered agent and was correctly served on Defendant's registered agent" on November 12, 2024. (Doc. No. 27, PageID# 108.) Defendant argues, however, that this service was untimely under Rule 4(m) and that Covington "has continued to fail to provide any argument, facts, or evidence to show good cause why the Court should provide additional time to properly serve" Defendant. (*Id.*)

Accordingly, the remaining issue before the Court is whether Covington has shown good cause to extend the service deadline to encompass her November 12, 2024 service on Defendant and, even if she has not shown good cause, whether a discretionary extension of the service deadline to that date is appropriate.

6

Case 3:24-cv-00182    Document 30    Filed 04/14/25    Page 6 of 9 PageID #: 124

"The Sixth Circuit has 'identified three scenarios constituting good cause under Rule 4(m)[,]" including "(1) when the defendant has intentionally evaded service; (2) when the district court has committed an error; and (3) when a *pro se* plaintiff suffers from a serious illness." *Pitt v. Quality Carriers, Inc.*, Case No. 3:24-cv-00629, 2025 WL 949991, at *2 (M.D. Tenn. Mar. 28, 2025) (quoting *Thul v. Haaland*, No. 22-5440, 2023 WL 6470733, at *2 (6th Cir. Mar. 1, 2023)). "The common denominator in these situations is that 'something outside the plaintiff's control prevents timely service.'" *Id.* Covington argues that, as "a pro se litigant[,] [she] is unfamiliar with all the legal procedures but ha[s] done [her] best to figure this all out." (Doc. No. 21, PageID# 70.) "Pro se status . . . is not automatically enough to constitute good cause for purposes of Rule 4(m)." 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137 (4th ed. suppl. June 2024). Neither is "'ignorance of the rules . . . .'" *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)). But, even if Covington has not established good cause for an extension, the Court also must consider the seven relevant factors that the Sixth Circuit articulated in *Oakland Physicians Medical Center, LLC*, 44 F.4th at 568–69, to determine whether a discretionary extension of the service deadline is warranted.

The first factor, whether an extension would be well beyond the 90-day service deadline, weighs against granting an extension because 270 days passed between Covington's initiation of this action on February 16, 2024 (Doc. No. 1), and her second service attempt on Defendant on November 12, 2024 (Doc. No. 26). *See, e.g.*, *Vargo v. Graves*, Case No. 3:24-cv-00153, 2024 WL 4829740, at *3 (M.D. Tenn. Oct. 21, 2024) (finding that "[a] further extension would be well beyond the 90-day time period for service under Rule 4(m), as more than 250 days have passed since [plaintiff] filed his complaint"), *report and recommendation adopted*, 2024 WL 4828729

(M.D. Tenn. Nov. 19, 2024); *Jones v. Thomas*, Case No. 3:22-cv-00167, 2022 WL 20489358, at *2 (M.D. Tenn. Oct. 31, 2022) (finding that "[a]n extension of time would be well beyond the 90-day time period for service" where "[m]ore than 200 days ha[d] passed since [plaintiff] initiated the action"), *report and recommendation adopted*, 2023 WL 5122449 (M.D. Tenn. Aug. 9, 2023) (Richardson, J.).

However, the remaining six factors weigh in favor of granting an extension. *See Oakland Physicians Med. Ctr., LLC*, 44 F.4th at 569. Covington argues that extending the service deadline would not prejudice Defendant (Doc. No. 21), and Defendant has not refuted this assertion (Doc. No. 24).[2] There is no dispute that Defendant has actual notice of this lawsuit. Covington's lawsuit would likely be time-barred if the Court refuses to extend the service deadline because Title VII requires plaintiffs to file suit within ninety days of receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); *see also Boshaw v. Midland Brewing Co.*, 32 F.4th 598, 603 (6th Cir. 2022) (citing *id.*). Covington has made good faith efforts to effect proper service on Defendant and has acted diligently to correct service deficiencies. Further, Covington is a pro se litigant deserving of additional latitude to correct defects in service of process. And there is at least one equitable factor relevant to the unique circumstances of this case that weighs in favor of granting an extension—namely, that Covington has already obtained a corrected summons and, by Defendant's own admission, has properly served it on Defendant's registered agent. (Doc. Nos. 25–27.)

---

[2] In its reply in support of its motion to dismiss, Defendant argued only that, for purposes of determining good cause, it "has no burden to show prejudice." (Doc. No. 24, PageID# 97.) Defendant's supplemental notice (Doc. No. 27) does not address prejudice.

Thus, the Magistrate Judge will recommend that the Court exercise its discretion under Rule 4(m) to extend the service deadline to November 12, 2024, *nunc pro tunc*; deny Defendant's motion to dismiss (Doc. No. 18); and find moot Covington's motion to strike (Doc. No. 28).

IV.     **Recommendation**

For these reasons, the Magistrate Judge RECOMMENDS that the Court exercise its discretion under Rule 4(m) to EXTEND the service deadline to November 12, 2024, *nunc pro tunc*; DENY Defendant's motion to dismiss for insufficient service and service of process (Doc. No. 18); and FIND MOOT Covington's motion to strike or deny Defendant's motion to dismiss (Doc. No. 28).

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 14th day of April, 2025.

ALISTAIR E. NEWBERN
United States Magistrate Judge