UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SHIRA J. COVINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:24-cv-00182 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| FRESENIUS MEDICAL CARE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's "Rule 59(e) Motion to Alter or Amend Judgment" pursuant to Fed. R. Civ. P. 59(e) (Doc. No. 36, "Motion"). Plaintiff, proceeding pro se, originally commenced this action against Defendant (Doc. No. 1, "Complaint") alleging employment discrimination on the basis of race, color, and gender/sex under Title VII of the Civil Rights Act of 1964 ("Title VII"). 42 U.S.C. §§ 2000 et seq. Defendant filed a motion to dismiss the Complaint pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure (Doc. No. 18, "MTD"). The Magistrate Judge issued a Report and Recommendation (Doc. No. 30, "R&R") recommending (among other things) the denial of the MTD. In its prior order (Doc. No. 34, "Order"),[1] the Court reviewed the R&R and relevant filings by the parties, declined to adopt the R&R, granted the MTD, and dismissed the action in full. (*Id.*).[2] Judgment was entered on August 6, 2025. (Doc. No. 35).

[1] The Court wishes to make in passing one observation here regarding the Order: due to a scrivener's error, there was an extra "not" in footnote 12, and the first sentence thereof actually should read as follows: "Judge Thapar makes an important point here: a balancing test might be subjective not only as a whole, but also with respect to its individual factors." (*See* Doc. No. 34 at 19, n.12).

[2] As the factual and procedural background of this matter is well-detailed in the Magistrate Judge's R&R (Doc. No. 30) and the Court's prior Order (Doc. No. 34), the Court incorporates them both by reference herein.

On September 3, 2025, Plaintiff timely filed the Motion within the twenty-eight-day period for a Rule 59(e) motion. (Doc. No. 36). The Motion was supported by an accompanying brief (Doc. No. 37), to which Defendant filed a response in opposition (Doc. No. 38, "Response"). For the following reasons, the Motion is **DENIED**.

## LEGAL STANDARD

Motions to alter or amend a judgment, brought pursuant to Fed. R. Civ. P. 59(e), are entrusted to the Court's sound discretion. *United States v. Tenn. Walking Horse Breeders' and Exhibitors' Ass'n*, 263 F. Supp. 3d 679, 681 (M.D. Tenn. 2017). A motion under Rule 59(e) is not an opportunity to re-argue a case. *Id.* Rather, the Court may grant a Rule 59(e) motion only if there is: (1) a clear error of law; (2) newly-discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Id.* A motion to alter or amend should not be used to relitigate previously considered issues, to submit evidence which could have been previously submitted in the exercise of reasonable diligence, or to attempt to obtain a reversal of a judgment by offering the same arguments previously presented. *Id.*

Generally, relief under Rule 59(e) is an "extraordinary remedy" restricted to those circumstances in which the moving party has set forth facts or law of a strongly convincing nature that indicate that the court's prior ruling should be reversed. *Harris v. Perry*, 2016 WL 5396701, at *3 (W.D. Tenn. Sept. 27, 2016). As for manifest injustice in particular, a movant under Rule 59(e) must show that there exists a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy. *Id.* The Sixth Circuit has made clear that the standard for manifest injustice is "an exacting standard" and that a successful Rule 59(e) motion must "*clearly* establish a manifest error of law." *Heithcock v. Tenn. Dept. of Children's Servs.*, 2015 WL 5970894, at *1 (M.D. Tenn. Oct. 14, 2015) (emphasis added).

Mere disagreement with a court's findings does not rise to the level of manifest injustice under Rule 59(e). *McDaniel v. American Gen. Fin. Servs., Inc.*, No. 04-2667B, 2007 WL 20842777, at *2 (W.D. Tenn. July 17, 2007). The "manifest injustice" ground for a Rule 59(e) motion is not meant to allow a disappointed litigant to attempt to persuade a court to change its mind. *Harris*, 2016 WL 5396701, at *3.

## ANALYSIS

Plaintiff seeks relief pursuant to Rules 59(e) to alter or amend the Court's prior judgment. Although the Court dismissed this action without prejudice, Plaintiff argues that the "effect of that dismissal is to bar Plaintiff's claim permanently due to the expired ninety-day limitations period following her EEOC Right-to-Sue Notice." (Doc. No. 37 at 2). Plaintiff further argues that because she "timely filed this action, actively pursued service, and cured any defect, dismissing her case . . . creates manifest injustice warranting relief under Rule 59(e)." (*Id.*).

Building on her manifest injustice argument, Plaintiff cites *Wilson v. Grumman Ohio Corp,* 815 F.2d 26, 28 (6th Cir. 1987) for the proposition that "[m]anifest injustice occurs where a dismissal without prejudice effectively functions as a dismissal with prejudice, thereby barring a plaintiff from refiling." (Doc. No. 37 at 2). Plaintiff then asserts (with citations to *Wilson* and to *Mitan v. Int'l Fid. Ins. Co.*, 23 F. App'x 292 (6th Cir. 2001)) that "[a] dismissal for procedural reasons after the limitations period has run is tantamount to a dismissal with prejudice. The Sixth Circuit recognizes that where a statute of limitations would bar refiling, courts should consider the dismissal's effect rather than its label." (Doc. No. 37 at 3). Plaintiff argues that she "acted in good faith to serve Defendant and corrected any alleged service deficiency. Once service was perfected, the underlying basis for dismissal was moot." (*Id.*). Plaintiff cites *Tuke v. United States*, 76 F.3d 155 (7th Cir. 1996), as an instance of a court "reversing dismissal where plaintiff's procedural

misstep would otherwise forfeit timely [sic] claim." (Doc. No. 37 at 3). Finally, Plaintiff contends that "Federal courts favor adjudicating cases on the merits over dismissals on purely procedural grounds,"[3] and that "[h]ere, the dismissal denies Plaintiff her day in court despite her compliance with the Title VII limitations period. Such a result constitutes 'manifest injustice' under Rule 59(e)." (*Id.*).

As an initial matter, a Rule 59(e) motion should not be used to relitigate previously considered issues or to attempt to obtain a reversal of a judgment by offering the same arguments previously presented. *Tenn. Walking Horse*, 263 F. Supp. 3d at 681. Because Plaintiff previously has argued[4] that her efforts to effect (and/or cure defects in) service were made in good faith and should otherwise excuse the delay in validly effecting service, those arguments (or permutations thereof) will not be analyzed (again) by the Court in ruling on Plaintiff's present Motion.

As for Plaintiff's reliance on *Wilson, Mitan,* and *Tuke*, the reliance is misplaced because none of those cases supports the respective propositions for which Plaintiff cites them. As Defendant notes (Doc. No. 38 at 5-6), *Wilson* deals with neither a Rule 59(e) motion nor (as Plaintiff purports) the interplay of manifest injustice and post-dismissal running of a statute of limitations. Instead, *Wilson* addressed (and rejected) a plaintiff's argument that her service efforts should have equitably tolled the relevant limitations period. *See Wilson*, 815 F.2d at 28-29.

*Mitan* and *Tuke* also are inapposite. In *Mitan*, the court affirmed a dismissal for lack of subject-matter jurisdiction and deemed the dismissal as being with prejudice as a sanction for the plaintiff's behavior. *Mitan*, 23 F. App'x at 298-99. And in *Tuke*, the Seventh Circuit affirmed a dismissal due to the failure of the plaintiff (like Plaintiff in the instant action) to timely effectuate

---

[3] In support of this proposition, Plaintiff cites *Foman v. Davis*, 371 U.S. 178, 181-82 (1962).

[4] (*See* Doc. No. 21, Plaintiff's response opposing the MTD).

service in compliance with Fed. R. Civ. P. 4. *Tuke*, 76 F.3d at 157-58. It is readily apparently neither of these cases supports the respective proposition for which it was cited by Plaintiff.

Having failed to offer caselaw actually supporting her position that manifest injustice results from dismissal of the Complaint, Plaintiff is left with her assertions that (i) "good faith" attempts to effect service and cure service deficiencies, and (ii) the preference for merits adjudication renders dismissal of the Complaint even if without prejudice a "manifest injustice" because it effectively serves here as a dismissal on the merits because the limitations period has run in the meantime. (Doc. No. 37 at 3). In response to the former, the Court reiterates its view[5] that Plaintiff did not act in "good faith" and emphasizes that regardless, Plaintiff cannot re-raise in a Rule 59(e) motion arguments previously presented to the Court. *Tenn. Walking Horse*, 263 F. Supp. 3d at 681. As for the latter, Plaintiff is correct that there is a general policy preference to resolve disputes on the merits. *See, e.g., Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991) ("We prefer that claims be adjudicated on their merits."). Nonetheless, this preference neither trumps applicable rules of procedure (i.e., those governing service of process) nor itself establishes manifest injustice within the meaning of Rule 59(e). And accepting Plaintiff's argument here would strip Rule 4(m) of much (if not all) meaning and the Court declines to so derogate the Federal Rules of Civil Procedure.

There is an additional problem with Plaintiff's suggestion that a court should, whenever the limitations period expires between a lawsuit's initiation and dismissal, equate dismissal without prejudice to dismissal with prejudice. The problem is that a court, when considering a dismissal without prejudice in a particular case, often simply is not in a position to know for sure whether the claim(s) at issue ultimately would be ruled time-barred were the case to be refiled. The reason

[5] Said view is detailed at length in the Court's prior Order. (*See* Doc. No. 34).

is simple: even if it initially appears that the claim(s) properly would be deemed time-barred based on the primary (general) rules governing limitations analyses, initial appearances can be deceiving because the metaphorical devil is in the details. As the undersigned noted at some length nearly three decades ago, sometimes a court cannot be sure of the correct result on a limitations issue without conducting a fulsome analysis involving many layers, many candidates for the applicable general rule and the applicable exceptions,[6] and many nuances. Eli J. Richardson, *Eliminating the Limitations of Limitations Law*, 29 Ariz. St. L.J. 1015 (1997).

For this reason, the undersigned perceives that it generally would be unwise for a judge to refrain from dismissing a pending case without prejudice based specifically on an assumption[7] that the claims in *that* case ultimately would be found time-barred in a potential subsequent case wherein (unlike in the pending case) the limitations issue *actually* would be litigated. And so the undersigned here declines to so assume and to so refrain.

CONCLUSION

For these reasons, Plaintiff has failed to present grounds permitting relief under Rule 59(e). Accordingly, the Motion (Doc. No. 36) is **DENIED**.

IT IS SO ORDERED.

Eli Richardson
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

[6] Indeed, sometimes the identity of even the general rules is debatable—not to mention their proper application.

[7] Importantly, an assumption that would be entirely (or at least inadequately) tested at such time.